UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMICE L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 22-12271
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [23], GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [15], DENYING
COMMISSIONER'S MOTION [21], AND REMANDING CASE TO
AGENCY UNDER SENTENCE FOUR**

Jermice L. was diagnosed with a nervous system impairment called neurofibromatosis type 2, which means that she is predisposed to develop benign and malignant tumors on her brain, spinal cord, and peripheral nervous system. JL was able to work much of her adult life, but in 2016, a tumor began causing her excruciating pain. So she had the tumor removed in 2019. Unfortunately, due to the surgery, JL began experiencing pain and numbness from the waist down and experiencing pain when she bent at the waist along with other associated issues.

On September 17, 2019, JL applied for disability insurance benefits. The Social Security Administration denied her claim, and after a hearing before the

ALJ, the ALJ also determined that JL was not disabled within the meaning of the Social Security Act. The Appeals Council denied review of this decision. JL now seeks judicial review of that denial.

JL filed a motion for summary judgment, requesting that the Court remand the case to the Agency. (ECF No. 15.) The Commissioner also filed a motion for summary judgment. (ECF No. 21.) Magistrate Judge Patricia T. Morris issued a Report and Recommendation recommending that the Court grant JL's motion and remand the case pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 23.)

At the conclusion of her August 23, 2023 Report and Recommendation, Magistrate Judge Morris notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 23, PageID.903.) It has now been over fourteen days since the Report was served on the parties and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas*

*v. Arn*, 474 U.S. 140 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommended disposition. (ECF No. 23.) The Court DENIES the Commissioner's motion for summary judgment (ECF No. 21) and GRANTS IN PART JL's motion for summary judgment (ECF No. 15). The case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with Magistrate Judge Morris' Report and Recommendation (ECF No. 23).

On remand, the ALJ must consider all of JL's medical records when assessing whether she suffers from hand tremors and whether she is incontinent. (ECF No. 23, PageID.894.) If the ALJ credits her testimony as to incontinence, they should make a specific finding concerning the frequency and duration of JL's bathroom usage so the Court can follow the rationale for

3

determining whether JL's incontinence would cause her to spend an unacceptable amount of time off task. (*Id.*) The ALJ should also explain how these alleged symptoms factored into their residual functional capacity finding in enough detail for the Court to trace their reasoning. (*Id.*)

SO ORDERED.

Dated: September 8, 2023

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE